IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CONNIE L. COVINGTON                                           PLAINTIFF

        v.                           Civil No. 11-2193

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Connie Covington, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

The Plaintiff filed her application for SSI on August 12, 2010, alleging an onset date of September 8, 1991, due to asthma, a pacemaker, fatigue, and shoulder pain. Tr. 132, 147-148, 159, 161-165, 176, 178. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 60-62, 65-70. An administrative hearing was held on February 22, 2011. Tr. 38-57. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 21 years old and possessed an eleventh grade education. Tr. 15, 41. No past relevant work was identified by the Administrative Law Judge ("ALJ").

On May 16, 2011, the ALJ found Plaintiff's asthma and history of congenital atrioventricular block with dual chamber pacemaker were medically determinable impairments. Tr. 12-18. However, he concluded that none of her impairments, considered singularly or in combination, significantly limited her ability to perform basic work-related activities for 12 consecutive months. Accordingly, the ALJ determined that Plaintiff did not have a severe impairment, and was not disabled.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on September 23, 2011. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 11, 12.

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory

diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern to the undersigned is the ALJ's conclusion that Plaintiff's impairments are not severe. An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities. *See Bowen v. Yuckert,* 482 U.S. 137, 153, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *id.* at 158, 107 S.Ct. 2287 (O'Connor, J., concurring); 20 C.F.R. § 404.1521(a). If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two. *Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir. 2007).

The evidence of record reveals that Plaintiff was diagnosed with congenital atrioventricular block and underwent surgery for the placement of her first pacemaker at the age of 3. Tr. 384-391. In August 1993, her pacemaker was replaced. Tr. 368-382. And 4 months later, doctors had to replace the ventricular pacing lead adaptor on her pacemaker. Tr. 360-366. In June 1994, Plaintiff's pacemaker was again replaced, due to malfunction. Tr. 352-359. At this time, x-rays showed possible cardiac edema.

In April 1997, the ventricular lead and pulse generator had to be replaced with yet another total replacement of the pacemaker in September 2003. Tr. 328-331, 346-350. A November 2004 treatment note reveals that Plaintiff experienced residual chronic pain in her pocket area following the surgery. Tr. 330. Her pacemaker was readjusted, but it appears she continued to experience chest pain. Tr. 328-331. In March 2009, pediatric cardiologist, Dr. Volkan Tuzcu, noted that Plaintiff had also reported chronic shoulder pain. Tr. 323-326. He opined that her shoulder pain could be unrelated to her pacemaker, possibly the result of a cervical hernia. Accordingly, he referred her to a neurologist. Plaintiff was not, however, able to consult a neurologist as she had no insurance or money to pay the consultation fee. And, Plaintiff had attained the age of 18, disqualifying her from further treatment at Arkansas Children's Hospital.

In August 2009, Plaintiff was treated in the emergency room for tachycardia, mild dehydration, and hypokalemia. Tr. 265-271. Five months later, she returned to the emergency room with complaints of palpitations, and an EKG was noted to be abnormal. Tr. 294-316.

The ALJ concluded that Plaintiff's heart condition was a non-severe impairment because it was amenable to treatment via the insertion of a pacemaker. He did not, however, contact her treating physician to determine what, if any, limitations her underlying heart condition might impose on her ability to perform exertional activities. He also failed to obtain medical testimony or advice, via a consultative exam or contact with Plaintiff's treating cardiologist, regarding any limitations resulting from the fact that she has a pacemaker. Research reveals that certain work-related precautions are imposed on patients with pacemakers. Those precautions sometimes include limiting strenuous activity, including lifting, carrying, pulling, and pushing objects over 10 pounds; reaching or stretching above the head; and, sudden, jerky arm movements. Other common restrictions apply to workplace use of powerful electromagnetic pulses that might interfere with the operation of the pacemaker. Strong magnetic fields, electrical cables carrying more than 10,000 amperes of current, alternating welding currents, powerful

radio transmitters, TV and radar transmitters, power tools and assembly line robots, induction furnaces, and electric generating plants or substations interfere with pacemakers. Digital cellular telephones and anti-theft devices also have the potential to interfere with pacemakers.

Given these potential, undeveloped limitations, the undersigned is of the opinion that remand is required because substantial evidence does not support the ALJ's conclusion that Plaintiff's heart condition is non-severe. The record is undeveloped as to Plaintiff's resulting work-related restrictions. *See Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994) (ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled); 20 C.F.R. §§ 404.1519a(b) and 416.919a(b) (2006). Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated Plaintiff asking the physicians to review Plaintiff's medical records; to complete an RFC assessment regarding Plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). They should also be questioned regarding the limitations resulting from Plaintiff's pacemaker. If the ALJ is unable to contact Plaintiff's treating doctor, then a consultative examination should be ordered.

### V.  Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

AO72A
(Rev. 8/82)

DATED this 15th day of October 2012.

                                            /s/ *J. Marschewski*
                                            HON. JAMES R. MARSCHEWSKI
                                            CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)